■  In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v SHARON L. SERPICO, Respondent, et al., Proposed Additional Respondents. [845 NYS2d 811]—

In a proceeding, inter alia, pursuant to CPLR article 75 to temporarily stay arbitration of an uninsured motorist claim to allow for discovery in aid of arbitration, the petitioner appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Alpert, J.), dated May 22, 2006, which, inter alia, denied that branch of its motion which was to direct the respondent to provide all medical authorizations for the medical records and reports relative to the subject accident and two prior automobile accidents.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the petitioner's motion which was to direct the respondent to provide all medical authorizations for the medical records and reports relating to the subject accident and two prior automobile accidents and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The Supreme Court improvidently exercised its discretion in denying that branch of the petitioner's motion which was to direct the respondent to provide all medical authorizations to obtain relevant medical reports and copies of relevant medical records pertaining to those bodily injuries that the respondent claims to have sustained as a result of the subject motor vehicle accident, including medical reports and medical records pertaining to bodily injuries sustained before the subject accident occurred which were similar to those allegedly sustained in the

subject accident (*see* CPLR 3102 [c]; *Matter of State Farm Mut. Auto. Ins. Co. v Bautista,* 11 AD3d 471 [2004]; *Matter of Allstate Ins. Co. v Moya,* 288 AD2d 309 [2001]; *Matter of Allstate Ins. Co. v Baez,* 269 AD2d 392 [2000]).

The appellant's remaining contentions are without merit. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.